*FDNY appointed 7/27/12*

*3:40PM*

JAP:LAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 ⸱⸱ ⎷02**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ALVIN GREEN,

          Defendant.

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        REBECCA SHEA, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, ("HSI"), duly appointed according to law and acting as such.

        Upon information and belief, on or about July 26, 2012, within the Eastern District of New York and elsewhere, defendant ALVIN GREEN did knowingly, intentionally and unlawfully import into the United States from a place outside thereof cocaine, a Schedule II controlled substance.

        (Title 21, United States Code, Sections 952(a) and 960).

        The source of your deponent's information and the grounds for his belief are as follows:[1/]

_____

    [1/]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.   At approximately 11:20 p.m. on July 26, 2012, defendant ALVIN GREEN arrived at John F. Kennedy International Airport in Queens, New York, aboard JetBlue Airlines Flight No. B6 874 from Montego Bay, Jamaica.

2.   During an examination, a Customs and Border Protection Officer ("CBP") noticed that defendant ALVIN GREEN appeared unusually nervous and gave inconsistent answers to routine customs questions.  Specifically, the defendant stated that he was coming to the United States to purchase used cellular phones which he planned to resell in Jamaica but he was unable to indicate where he was going to purchase the cellular phones.   In addition, the defendant stated that he purchased the airline ticket from Delta airlines when he arrived for the JetBlue flight.  The defendant, however, could not state how much he paid for the ticket.  The defendant was also asked if he has any family and friends in the United States and he stated that he did not.  However, during a prior trip to the United States he had indicated that he had an aunt who lived in Miami, Florida.

3.   CBP officers conducted an inspection of the defendant's luggage, which yielded negative results.  As a result, the CBP officers requested and received approval for a pat down, which also yielded negative results.

4.    The defendant was then presented with an x-ray consent form which he read, understood and voluntarily signed. The defendant ALVIN GREEN was transported to the medical facility at John F. Kennedy International Airport, where an x-ray was taken of defendant's intestinal tract, which was positive for foreign bodies.  On July 27, 2012 at approximately 11:00 a.m., the defendant passed 11 pellets, one of which field-tested positive for the presence of cocaine.  The defendant was then placed under arrest.

5.    Defendant ALVIN GREEN will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant ALVIN GREEN  be dealt with according to law.

Rebecca Shea
Special Agent
HSI

Sworn to before me this
27th day of July, 2012

UNITED STATES
EASTERN DISTI      S | Levy